UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PETER ALLAN, | Case No. 21-CV-0166 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| JANNINE HEBERT, JAMES BERG, PETER PUFFER, JERRY FJERKENSTAD, KATHERINE LOCKIE, AMY GENTLING FARMER, JONATHAN ROSARIO, ROSS PETERSON, SAMANTHA SHEERAN, JANA SKYE KORBY BRISTER, ELIZABETH BARBO, DANIEL MAKI, ELIZABETH PETERSON, LO'LITA LUBBERS, JENNIFER JONES, LAUREN ALLEN, LESLIE NORSTED, ALLEN GARBER, HUGH AYLWARD, JOHN DOE, and JANE DOE, in their official and individual capacities, | |
| Defendants. | |

Peter Allan, pro se.

Zuri Balmakund, MINNESOTA ATTORNEY GENERAL'S OFFICE, for defendants.

Plaintiff Peter Allan was indefinitely committed to the Minnesota Sex Offender Program ("MSOP") in 2009 as a sexual psychopathic personality ("SPP") and a sexually dangerous person ("SDP"). Since being committed, Allan has brought a steady stream of legal actions in federal and state court. In this action, Allan has filed a 65-page

complaint against 19 individuals who work for or on behalf of the MSOP. Allan divides the defendants into four groups: clinical directors, mental-health clinical assessors, special-review-board risk clinical assessors, and hospital-review-board members. Allan alleges that all 19 defendants have not only diagnosed him with mental illnesses that he does not have, but have done so purposely in order to extend his civil commitment when they know that there is no justification for doing so.

Defendants moved to dismiss Allan's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim. In a Report and Recommendation ("R&R") dated December 15, 2021, Magistrate Judge Leo I. Brisbois recommended granting defendants' motion. Allan has objected to the R&R, and this Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Allan's objection, adopts Judge Brisbois's R&R, and dismisses Allan's complaint without prejudice.

I. BACKGROUND

The facts and procedural history were described by Judge Brisbois in his R&R and are only briefly summarized here.

Allan was civilly committed to the MSOP in 2009, and he has remained confined ever since. Compl. ¶¶ 4–5 [ECF No. 1]. Allan has "refuse[d] to meet with MSOP risk assessors," *id*. ¶ 16, but MSOP staff have nevertheless conducted sexual-violence-risk

assessments—including assessments on October 29, 2012, by Jennifer Jones; on February 19, 2013, by Lauren Allen; and on March 12, 2015, by Lo'lita Lubbers.  *Id.* ¶ 15.  Allan was also the subject of annual mental-health assessments by MSOP staff from 2011 through 2019.  *Id.* ¶ 19.  These assessments have consistently diagnosed Allan with paraphilia disorder.[1]  *See id.*

Allan disputes the findings of the MSOP sexual-violence-risk assessments—the same assessments with which he refuses to cooperate—because, he says, they "fail to rely on current objective behavior" and instead rely on "inaccurate, incomplete subjective Quarterly and Annual Treatment Reports, self-serving [mental-health assessments] and outdated historical record[s]."  *Id*. ¶ 16.  He also objects to the findings of the mental-health assessments because they are allegedly "copied and pasted annually with no description or regard to any evidence . . . to support an evidence based current diagnosis."  *Id*. ¶ 20.

According to his complaint, Allan has been evaluated by two other professionals who are not affiliated with the MSOP.  First, Dr. Robert Riedel "administered a two day comprehensive evaluation on 4/6/16 [sic] . . . stating there is no paraphilia or paraphilic

---

[1]Paraphilia is "a pattern of recurring sexually arousing mental imagery or behavior that involves unusual and especially socially unacceptable sexual practices (such as sadism or pedophilia)."  *Paraphilia*, Merriam-Webster, https://www.merriam-webster.com/dictionary/paraphilia (last visited Mar. 10, 2022).

disorder and **no diagnosis** whatsoever . . . ." *Id.* ¶ 52. Second, on July 27, 2020, Dr. Fred Moss reviewed Allan's records and opined that:

> There is no charted record describing current observation or other empirical data that would suggest Mr. Allan is suffering from symptoms of a severe mental disturbance, or other volitional impairment. . . . [I]t is [my] opinion . . . [that] Mr. Allan is not receiving the proper standard of medical care for the reporting and treatment of humans with mental health disorders.

*Id.* ¶ 30.

Allan alleges that he gave Moss's report to Dr. Wanda Berg, his primary therapist at the MSOP. Berg then passed on the report to "her superior" Jana Skye Korby Brister, who allegedly "handed it back telling Berg that Mr. Allan cannot not have a diagnosis." *Id*. ¶ 21. According to Allan, he "has been fighting since May 2020 at getting Dr. Moss' [report] into the record." *Id.* Allan says that he has attempted to give Moss's report to "19 clinical, administration, legal, state agencies etc. from the Governor on down with no success getting the critical evidence in the record." *Id.*

Allan filed this action on January 22, 2021, against all defendants in their official and individual capacities. Allan emphasizes in his complaint that he "is not complaining about the laws, statutes, conditions of his confinement nor is he asking for a discharge." *Id.* ¶ 48. Instead, he seeks damages for defendants' "purposeful improper inaccurate diagnosis." *Id*. ¶ 1. Construing Allan's complaint liberally, *see Stone v. Harry*,

364 F.3d 912, 914 (8th Cir. 2004), the Court understands Allan to assert two constitutional claims under federal law (a Fourteenth Amendment deliberate-indifference claim and a Fourteenth Amendment punishment claim) and various fraud, unjust-enrichment, and medical-malpractice claims under state law.

## II.  ANALYSIS

Judge Brisbois recommends that Allan's complaint be dismissed because the Court lacks jurisdiction over Allan's official-capacity claims and because Allan failed to plead a plausible federal claim against defendants in their individual capacities.  In particular, Judge Brisbois recommends dismissing all of the claims against defendants in their official capacities because those claims are barred by the Eleventh Amendment, *see* R&R at 9–11 [ECF No. 40], and he recommends dismissing the federal claims against defendants in their individual capacities because Allan has not plausibly pleaded a Fourteenth Amendment deliberate-indifference claim,[2] *see id.* at 11–20.  Finally, Judge Brisbois recommends that the Court decline to exercise supplemental jurisdiction over Allan's state-law claims.  *See id.* at 20–21.

Allan objects to all of Judge Brisbois's recommendations, save for his recommendation that the official-capacity claims be dismissed insofar as they seek recovery of damages.

---

[2]Judge Brisbois did not address whether Allan's complaint states a plausible Fourteenth Amendment punishment claim.

*A. Official-Capacity Claims*

As noted, Judge Brisbois found that all of Allan's official-capacity claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (the Eleventh Amendment acts as a bar "when State officials are sued for damages in their official capacity").³ In reaching that conclusion, Judge Brisbois found that "the only actual relief sought [in the complaint] is in the form of monetary damages." R&R at 6 n.8. That finding made it unnecessary for Judge Brisbois to decide whether Allan's claims fall within the *Ex parte Young* exception to Eleventh Amendment immunity. *See Ex parte Young*, 209 U.S. 123 (1908). *Ex parte Young* applies when the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in judgment).

Allan has not objected—or at least not clearly objected—to Judge Brisbois's conclusion that his damages claims against defendants in their official capacities are barred by the Eleventh Amendment. But Allan does object to Judge Brisbois's finding

---

³Allan does not dispute that each of the named defendants is a Minnesota state official. *See Frequently Asked Questions*, Minnesota Dep't of Human Servs., https://mn.gov/dhs/people-we-serve/adults/services/sex-offender-treatment/faqs.jsp (last visited Mar. 10, 2022) (the MSOP is administered by the Minnesota Department of Human Services).

that his complaint seeks *only* damages. Allan stresses that he is "seeking *actual relief* in the form of a Declaration for past, ongoing and intended future behaviors." *See* Pl. Obj. at 2 [ECF No. 41].

It is true that Allan's complaint asks "[t]hat the illicit conduct alleged herein by Defendants be declared Deliberately Indifferent in violation of Plaintiff[']s civil rights." Compl. ¶ 132(a). But Allan seeks this declaration only as a (superfluous) component of his demand for money damages[4]—that is, as a step on the path to *retroactive* relief. To fall within *Ex parte Young*, however, a claim must seek *prospective* relief to prevent a

---

[4]In a different context, this Court has explained how "any plaintiff suing to recover damages for injuries . . . could easily add a demand for declaratory relief to her demand for money damages." *Batsche v. Burwell*, 210 F. Supp. 3d 1130, 1134 (D. Minn. 2016), *aff'd sub nom. Batsche v. Price*, 875 F.3d 1176 (8th Cir. 2017). Using the example of a lawsuit brought by a plaintiff who has been injured by a negligent driver in an automobile accident, this Court explained:

> For example, the plaintiff could ask for a declaration that the defendant owed a duty to her, another declaration that the defendant breached that duty by failing to use reasonable care while driving, another declaration that the plaintiff suffered harm in the amount of $100,000, and another declaration that the defendant's breach caused the plaintiff's harm.
>
> But no plaintiff ever seeks—and no court ever grants—declaratory relief of this nature because such declaratory relief would be utterly superfluous. The court does not need to grant any type of declaratory relief in order to enter a money judgment against the defendant.

*Id.*

*future* violation of federal law. *See Verizon Md.*, 535 U.S. at 645. Nowhere in his complaint does Allan seek prospective relief; to the contrary, Allan emphasizes that he is *not* asking the Court to order that he be discharged from the MSOP. Compl. ¶ 48.

Because Allan's complaint seeks only retroactive monetary relief and does not seek prospective declaratory or injunctive relief, his official-capacity claims are barred by the Eleventh Amendment and must be dismissed.

### B. *Individual-Capacity Claims*

Allan also objects to Judge Brisbois's conclusion that he has failed to plead a plausible federal claim against defendants in their individual capacities. Pl. Obj. at 3 ("Per the facts alleged, Plaintiff has overcome *Rule 12(b)(6)* and established grounds for relief because the Complaint is plausible, feasible and Defendants are liable."). The Court agrees with Judge Brisbois that Allan's complaint does not state a plausible Fourteenth Amendment deliberate-indifference claim. The Court also finds that Allan's complaint does not state a plausible Fourteenth Amendment punishment claim (an issue that was not addressed by Judge Brisbois).

### 1. Deliberate-Indifference Claims

Judge Brisbois recommends dismissing Allan's deliberate-indifference claims because, with respect to almost all of the defendants, Allan failed to plead sufficient facts to demonstrate their personal involvement in the alleged constitutional

violations—and with respect to the other defendants, Allan failed to plead a plausible deliberate-indifference claim. The Court agrees.

To prevail on a deliberate-indifference claim, a plaintiff must establish two things: first, that he had an objectively serious medical need, and second, that the defendant subjectively knew of, but deliberately disregarded, that need. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (describing Eighth Amendment deliberate-indifference standard); *Senty-Haugen v. Goodno*, 462 F.3d 876, 889 (8th Cir. 2006) (same standard applies to deliberate-indifference claims whether they arise under the Eighth or Fourteenth Amendments). Allan has not plausibly alleged either of these things with respect to any defendant.

First, far from pleading that he has an objectively serious medical need, Allan alleges that he does *not* have a medical need that requires treatment. *See, e.g.*, Compl. ¶ 123 (alleging defendants have been unjustly enriched as a result of their provision of "inequitable services having *little or no value to benefit* Plaintiff" and that "Plaintiff does not require inpatient hospitalization" (emphasis added)). Although Allan's complaint is at times internally inconsistent—*compare, e.g., id.* ¶ 67 ("Plaintiff does not exhibit symptoms of a mental illness that requires treatment"), *with id.* ¶ 66 ("Plaintiff is entitled to receive a competent diagnosis . . . to determine a course of treatment")—the thrust of his claim is that defendants have diagnosed him with a disorder that he does

not have and that there is no reason to confine him to the MSOP.  *See id.* ¶ 69 ("These willful acts and omissions by Defendants' [sic] have led to abandoning the required Supreme Court authorization for Plaintiff's civil commitment . . . .").  Nowhere does Allan identify an objectively serious medical need to which defendants have been deliberately indifferent.  *Cf. Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008) (providing examples of objectively serious medical needs, including: bleeding and blood clots during pregnancy; swollen and bleeding gums combined with extreme tooth pain; and excessive urination, diarrhea, sweating, weight loss, and dehydration related to known diabetes).

Second, even if the Court were to regard the need to be "un-misdiagnosed" as an objectively serious medical need, Allan has not plausibly alleged that any defendant subjectively *knew* that he had been misdiagnosed and deliberately disregarded that misdiagnosis.  Deliberate indifference is a very high standard—"higher . . . than gross negligence," *Goodno*, 462 F.3d at 890, and "akin to criminal recklessness," *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006).  The only facts pleaded by Allan to support his allegation that defendants have acted with something "akin to criminal recklessness" is that Riedel and Moss disagreed with defendants' diagnoses.  Needless to say, though, the fact that one medical practitioner disagrees with another provides no

reason to believe that either has been deliberately indifferent. Disagreements among medical practitioners (especially mental-health practitioners) are ubiquitous.[5]

More importantly, Allan has not even alleged that the defendants *knew* of Riedel's and Moss's opinions, with one exception: Allan alleges that he gave a copy of Moss's report to his therapist, Dr. Wanda Berg (who is not a defendant), and that Berg then gave a copy of the report to Brister (who is a defendant). According to Allan's complaint, however, the only assessment that Brister authored was written years *before* Moss's report. *See* Compl. ¶¶ 19 (Brister authored Allan's mental-health assessment in 2011); *id.* ¶ 21 (Allan gave Moss's report to Berg, who gave it to Brister). The complaint does not allege that any other defendant knew about Moss's report, and the complaint does not allege that *any* defendant knew about Riedel's report.

For these reasons, Allan's complaint falls well short of plausibly alleging that a particular defendant actually knew of, but deliberately disregarded, an objectively serious medical need. *Cf. Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993) (misdiagnosis of inmate's condition, fact that defendant's method of physical examination and treatment may not have followed community standards, or that defendant disagreed with inmate's suggested course of treatment did "not amount to

---

[5]To cite just one example: When the Court prepares for a sentencing hearing in a criminal case, the Court routinely learns that the defendant has been examined by different mental-health professionals over the years and that those professionals have provided different diagnoses.

deliberate indifference"). "Because [Allan has] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### 2. Punishment

Judge Brisbois interpreted Allan's complaint as raising only deliberate-indifference claims, *see* R&R at 40, but it appears that Allan may also have attempted to plead a Fourteenth Amendment punishment claim. *See* Compl. ¶ 5 ("[I]f a restriction or condition is not reasonably related to a legitimate goal if it is arbitrary or purposeless a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees."); *id.* ¶ 7 (citing *Bell v. Wolfish*, 441 U.S. 520 (1979), for the proposition that punishment of pretrial detainees is unconstitutional).

"[C]ivilly committed individuals may [not] be punished without running afoul of the Fourteenth Amendment." *Karsjens v. Lourey*, 988 F.3d 1047, 1052 (8th Cir.), *cert. denied*, 142 S. Ct. 232 (2021). In order to determine whether a civil detainee has been or is being impermissibly punished,

> [C]ourts "decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." Unless the detainee can show "an expressed intent to punish, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected

> is assignable for it, and whether it appears excessive in relation" to such alternative purpose.

*Id.* (quoting *Bell*, 441 U.S. at 538 (cleaned up)).

Allan accuses defendants of purposely misdiagnosing him in order to keep him involuntarily committed to the MSOP.[6] But largely for the reasons why Allan has not plausibly alleged a deliberate-indifference claim, he has also not alleged a plausible punishment claim. In particular, Allan has not alleged facts that plausibly support the inference that defendants have "an expressed intent to punish" him or the inference that defendants are knowingly providing treatment that is "excessive." Therefore, any Fourteenth Amendment punishment claim is not plausible and must be dismissed.

C.  *State-Law Claims*

The Eighth Circuit has instructed that, when a district court disposes of federal claims before trial, the district court should generally decline to exercise supplemental jurisdiction over related state claims. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). Having dismissed all of Allan's federal claims, the Court will dismiss Allan's state claims without prejudice. If he wishes, Allan can pursue those claims in state court.

---

[6] Allan does this while insisting that he is *not* asking the Court to order his discharge from the MSOP. *See* Compl. ¶ 48; Pl. Obj. at 12.

-13-

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Allan's objection [ECF No. 41] and ADOPTS Judge Brisbois's December 15, 2021, R&R [ECF No. 40].  IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 26] is GRANTED.

2. Plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 11, 2022                              s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge